No. 16,574.

WEINBERG v. THE PEOPLE.
(236 P. [2d] 1085)

Decided October 8, 1951.

Mr. Isaac Mellman, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. Norman H. Comstock, Assistant, for the people.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

Plaintiff in error, to whom we hereinafter refer as defendant, was charged with the crime of embezzlement, by information filed in the district court of the City and County of Denver. In the information against him it was alleged that, as the agent of one Rex Carsrud, he had in his possession $1,120.80 belonging to Carsrud which he converted to his own use. Defendant entered a plea of not guilty to this count. Upon the trial the jury returned a verdict of guilty of embezzlement as charged. Motion, and a supplemental motion, for new trial, were filed and overruled. Judgment was entered on the verdict, and sentence of imprisonment in the state penitentiary for a term of not less than two, nor more than four, years, was

imposed. Defendant seeks reversal by assignments of error.

The evidence offered on behalf of the people tended to prove that during November, 1947, one Rex Carsrud was closing out a printing business and desired to sell certain equipment owned by him. He had known defendant theretofore, having purchased from him some material connected with the printing business. During the month of November, 1947, Carsrud and defendant entered into a verbal agreement under the terms of which defendant was to sell certain printing machinery and equipment. Carsrud specified prices at which the machinery could be sold. Defendant was entitled to keep any sum which he might receive over and above the specified prices for particular pieces of equipment, and Carsrud was to pay defendant an eight per cent commission. Carsrud identified the particular equipment as follows: 1 power cutter, the sale of which was authorized for $900.00. 2 automatic Miller presses, the sale of which was authorized at a price of $550.00 for one, and $450.00 for the other. 2 small hand presses which were authorized to be sold for a total of $300.00. Articles of furniture (desks and chairs) for a total of $25.00. 1 power saw at $115.00. In addition to these items there were some miscellaneous articles of relatively small value.

Carsrud gave defendant the keys to the shop and placed him in complete charge of the sale of the items above mentioned. The power cutter was sold by defendant on December 12, 1947, for $1,015.00 in cash, and said purchase prise was paid to defendant who executed a bill of sale as owner. One of the Miller presses was sold for $640.00 on November 20, 1947, and the checks drawn in payment of the purchase price were made payable to defendant. The power saw was sold by defendant for $115.00 on November 19, 1947, and Carsrud received the full amount of this payment. Carsrud testified that defendant told him that the hand presses and the other Miller press had been sold, but he could find no trace of

them. According to Carsrud a total of $1,147.00 was paid to him by defendant between November 19, 1947, and March 14, 1948. Carsrud further testified that they were supposed to get together on April 1, 1948, and "settle it and get everything straightened up." On March 14, Carsrud received a check for $200.00 from defendant at the latter's place of business, and defendant asked, "Will that hold you until the 1st of April?" He testified that defendant failed to contact him on April 1st, and on the following day he again went to defendant's place of business, found it vacated, and defendant gone. Five or six months thereafter Carsrud located defendant in Los Angeles, California.

Upon the arrival of Carsrud in California, and when demand was made for delivery of the money claimed to be due, defendant denied any obligation and insisted that all moneys due Carsrud had been paid. This was his position upon the trial. He showed no receipts for payments made to Carsrud although the latter testified that he gave receipts for all sums paid to him. Defendant claimed that he made payments to Carsrud in cash, in addition to the payments acknowledged by Carsrud, and that all moneys due Carsrud were paid to him on or before the date the several pieces of equipment were moved from the shop where they were located at the time defendant undertook to sell them. Upon this disputed evidence the jury found against the defendant, and in the absence of prejudicial error we are bound by that determination.

Defendant's counsel here asks reversal of the judgment upon three grounds, viz: (1) The evidence failed to establish the crime of embezzlement. (2) The court erred in giving an instruction on the "flight" of defendant to California. (3) The supplemental motion for new trial should have been granted.

Questions to be Determined.

First: *Was there competent evidence introduced*

*upon the trial sufficient to support conviction of the crime of embezzlement?*

This question is answered in the affirmative. It is argued that there was no testimony "that the property allegedly embezzled was in the possession of the defendant at the time of the embezzlement"; that there was no evidence that the defendant "occupied the designated fiduciary relation as set out in the information"; that there was no evidence that the property "came into his possession and was held by him by virtue of his employment or office"; and that there was no evidence of fraudulent intent to deprive the owner of his property. *Sparr v. People,* 122 Colo. 35, 219 P. (2d) 317, is cited and reliance is placed upon the portion of that opinion in which is mentioned six essentials of the crime of embezzlement. From the statement of facts hereinabove set forth it is clear that all the essentials of the crime of embezzlement, to which reference was made in the Sparr case, were established by competent evidence.

Second: *Did the trial court err in instructing the jury that if defendant fled following the commission of the alleged crime, such flight would be a circumstance for the consideration of the jury in determining his guilt or innocence?*

This question is answered in the negative. No objection was made by counsel who represented defendant upon the trial, to the instruction which the court gave relating to the alleged flight of defendant from Denver to California. In the motion for a new trial objection to the said instruction was made for the first time in the following language: "That the court erred in giving Instruction No. 11 on flight over the objection and exception of the defendant, for the reason that there was no evidence to justify the giving of this instruction." The objection thus appearing, is without merit for two reasons: (1) No objection was in fact made to the instruction upon the trial; and (2) there was ample evidence to warrant the instruction, even though objection had been made at the

time it was given. *Robinson v. People,* 114 Colo. 381, 165 P. (2d) 763; *Dockerty v. People,* 96 Colo. 338, 44 P. (2d) 1013.

 Third: *Did the trial court err in denying the supplemental motion for a new trial on the alleged ground that defendant has been able to obtain evidence "that was not available at the time of trial"?*

The answer is "No." In the supplemental motion for new trial it was asserted, in effect, that defendant desired to offer more evidence bearing upon the question of his departure from Denver, and to establish by such evidence that he did not leave with any consciousness of guilt, or with intent to evade prosecution, or to secrete himself.

Defendant met the issue of his alleged flight upon the trial and offered testimony tending to negative the inference of guilt which might have arisen on account thereof. He seemed satisfied with the showing he made at that time, and no reason appears why he could not then have produced the witnesses whom he would now like to call to supplement the testimony offered at the trial. All the evidence alleged in the motion to be now "available" is cumulative to evidence introduced upon the trial; unquestionably was within the knowledge of defendant; and could have been produced at the time of the trial if it then was deemed of importance. Under such circumstances a new trial will not be granted upon the ground of newly discovered evidence. *McPhee v. People,* 105 Colo. 539, 100 P. (2d) 148.

The judgment is affirmed.